UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREON D. VAUGHN,

        Plaintiff,

       v.                                      Case No. 25-C-1256

KENOSHA COUNTY
DEPARTMENT OF HUMAN SERVICES et al.,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Treon Vaughn filed a complaint in this action against Defendants Kenosha County Department of Human Services, Amy Rosenberg, and Chelsea Gotz. Dkt. No. 1. This is one of three separate pro se actions Plaintiff has filed with the court seeking relief from adverse family court rulings in Kenosha County. In this case, Plaintiff alleges violation of his constitutional rights by the Kenosha County Department of Human Services and two of its social workers who conducted a child welfare investigation in response to concerns over the wellbeing of his child. Plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 4. Because Plaintiff appears to be indigent and unable to pay the filing fee, his motion to proceed *in forma pauperis* will be granted. The complaint will be dismissed, however, for failure to state a claim.

      District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is a non-lawyer, serves the important function of protecting putative defendants from the expense of hiring an attorney to

respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising its screening discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763.

In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Plaintiff alleges that a combination of wrongful events, some of which were caused by two social workers, Amy Rosenberg and Chelsea Gotz, resulted in his losing custody and parental rights of a minor child. Plaintiff alleges that, beginning around September 19, 2023, Plaintiff became the subject of a child welfare investigation conducted by Defendants, and that Defendants improperly caused the removal of Plaintiff's child, the "forced divorce of the parents," the Plaintiff's incarceration, and termination of parental rights based primarily or solely on incarceration. Dkt. No. 1 at 2–4. Plaintiff requests that this court, among other things, award compensatory and punitive damages, and issue injunctive relief reinstating his parental rights, vacating any wrongful termination of parental rights (TPR) orders issued, prohibiting a court from using incarceration alone in determining custody, visitation, or parental rights in future cases, and affirmatively ordering policy changes within the Kenosha County Department of Human Services consistent with the other requested relief.

Of the various forms of relief requested, only monetary damages would be available against the defendants, assuming Plaintiff could state a valid claim against them. He has so far failed to do so. His complaint consists of conclusory allegations and lacks specific factual allegations sufficient to provide the defendants the essential notice required under Rule 8 of the Federal Rules of Civil Procedure. The complaint alleges, for example, that the defendants, "through misrepresentation and procedural manipulation, initiated proceedings that led to:

- The wrongful removal of Plaintiff's child;

- The forced divorce of the parents due to coercive practices;

- The incarceration of Treon Dwon Vaughn without proper legal justification;

- Termination of parental rights based primarily or solely on incarceration."

*Id.* at 4. There is no specification as to what the misrepresentation or procedural manipulation was, who made the misrepresentation or manipulated the procedure, or when they did so. Likewise, the phrases "wrongful removal of Plaintiff's child," "forced divorce," "incarceration . . . without proper legal justification," and "termination of parental rights based primarily or solely on incarceration" are conclusory statements, as opposed to factual allegations that give notice of what the individual defendants are alleged to have done and when. The same is true of the allegation that the defendants "acted intentionally and with malice, misusing their authority and deviating from required legal procedures under Chapter 48 and Chapter 767 of Wisconsin law." *Id.* As a result, these allegations fail to state a claim. *See Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

It should also be noted that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877–78 (7th Cir. 1992). Nor does § 1983 create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, a plaintiff must identify the individual defendants and specify

4

the manner in which their actions, or failure to take action, violated his constitutional rights. A governmental entity, such as a County, cannot be found liable under § 1983 unless there is a showing that the constitutional violation was the result of the governmental entity's policy, practice, or procedure. Misconduct of one of its employees is not enough. *Giese v. City of Kankakee*, 71 F.4th 582, 588 (7th Cir. 2023). The complaint fails to identify any County policy, practice, or procedure that was the driving force behind the alleged violation of his rights.

For all of these reasons, Plaintiff's complaint fails to state a federal claim upon which relief can be granted. The complaint will therefore be dismissed. But the dismissal is not with prejudice. If Plaintiff wishes to proceed, he may file an amended complaint curing the deficiencies in the original complaint as described in this decision. An amended complaint must be filed by **October 6, 2025**. Plaintiff is directed to the court's website at www.wied.uscourts.gov for instructions and assistance for individuals representing themselves. He is advised, however, that failure to file an amended complaint by the deadline will result in this action being dismissed for failure to state a claim in the original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before October 6, 2025, Plaintiff may file an amended complaint curing the defects in the original complaint as described in this decision.

Dated at Green Bay, Wisconsin this 5th day of September, 2025.

William C. Griesbach
United States District Judge